**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATTHEW ELLINGTON, | DOCKET NUMBER |
| Appellant, | AT-0752-23-0039-I-3 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: May 29, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jolanda E. Herring, Esquire, Atlanta, Georgia, for the appellant.

Laura VanderLaan, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the discussion of the appellant's affirmative defenses, we AFFIRM the initial decision.

Before the administrative judge, the appellant raised several affirmative defenses, which he renews on petition for review. MSPB Docket No. AT-0752-23-0039-I-3 (I-3) Petition for Review (PFR) File, Tab 3 at 9-12. Although the administrative judge correctly addressed the appellant's claims of discrimination and of retaliation for engaging in protected equal employment opportunity activity, the initial decision does not discuss the appellant's claim that the agency removed him in retaliation for filing a grievance. *Id*. at 9-10. It also does not address the appellant's assertion that the agency committed harmful procedural error. *Id*. at 11. Because it does not appear that the appellant abandoned those claims, we supplement the initial decision by addressing them here.

Regarding the appellant's retaliation claim, he alleges that he was removed shortly after filing grievances concerning disciplinary actions that were taken against him for failing to comply with training requirements. MSPB Docket No. AT-0752-23-0039-I-2, Refiled Appeal File (RAF), Tab 24 at 9-10, 19, 25-26; PFR File, Tab 3 at 9-10. When the exercise of an appeal, complaint, or grievance right does not concern either whistleblowing or engaging in EEO activity, an appellant must show, among other things, that there was a genuine nexus between the alleged retaliation and the adverse action. *Pridgen v. Office of Management*

*and Budget*, 2022 MSPB 31, ¶ 32; *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016). To establish a genuine nexus between the protected activity and the adverse employment action, an appellant must prove that the employment action was taken because of the protected activity. *Mattison*, 123 M.S.P.R. 492, ¶ 8. Considering that the appellant failed to obtain the certification required as a condition of his employment, despite being given multiple opportunities to obtain that certification, including considerable extensions of time and progressive discipline, and that he presented no meaningful evidence of retaliatory intent on the part of the agency, we find that the appellant has not proven this affirmative defense.

As for the claim of harmful procedural error, the appellant must prove by preponderant evidence that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r); *see Chin v. Department of Defense*, 2022 MSPB 34, ¶ 18; *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The burden is on the appellant to show that the agency committed an error and that the error was harmful, i.e., that it caused substantial prejudice to his rights. *Chin*, 2022 MSPB 34, ¶ 18. The appellant appears to argue that the agency violated the collective bargaining agreement (CBA) with the applicable union and denied him due process, at least in part, because, when the agency took disciplinary actions against him, it failed "to look closely at the completed training and what was mandatory and what was an elective in reaching those decisions."[2] PFR File, Tab 3 at 7-8. Although the appellant claims on review that he identified which provisions of the CBA the agency allegedly violated in his motion to supplement the record, PFR File, Tab 3 at 11, he filed three motions to supplement the record,

---

[2] The Board applies the harmful error standard to an alleged violation of a collective bargaining agreement. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 47 (2007).

and it is unclear where in the lengthy submissions he did so, I-3 RAF, Tabs 15-17. Moreover, the appellant's motions were denied as untimely, and he has not shown error in the administrative judge's ruling, by, for example, explaining why he could not identify a specific violation of the CBA before the record closed. *See* ID at 2 n.3. Finally, the record does not show that the agency erred in assessing the certification requirements and the appellant's coursework. Therefore, the appellant's renewed assertion is insufficient to grant a petition for review. *See Herndon v. Department of the Navy*, 97 M.S.P.R. 609, ¶ 7 (2004) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 MSPB 297, 2 M.S.P.R. 129, 133 (1980) (explaining that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

For the reasons set forth in the initial decision, we agree with the administrative judge that the agency proved its charge, the existence of a nexus, that the penalty was reasonable, and that the appellant did not prove his remaining affirmative defenses.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.